IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 06-0277-WS** |
| ) | |
| **TAMMY FORBES YOUNG and** ) | |
| **DUSTIN NATHANIEL MILLER,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on the Government's Motion to Correct Judgment (doc. 204). Last fall, defendants Tammy Forbes Young and Dustin Nathaniel Miller executed plea agreements wherein they, *inter alia*, agreed to forfeit to the United States their interests in certain real property and the proceeds of Century Bank account number 0943452. (Docs. 109, 134.) At their sentencing hearings, however, it appears that the Government made no mention of the forfeiture and no request to incorporate defendants' forfeitures into the final judgment as required by Rule 32.2(b)(3), Fed.R.Crim.P. (Doc. 199, Attachment 1.) As a result, the Judgments in a Criminal Case for Miller (doc. 174) dated July 15, 2008, and for Young (doc. 188) dated September 26, 2008, omit any reference to the forfeiture.

The Government now asks the Court to correct both judgments pursuant to Rule 36, Fed.R.Crim.P., to reflect defendants' forfeiture of the bank account and real property listed in their plea agreements. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, the Eleventh Circuit has unequivocally determined that "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). In *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003), "[t]he prosecutor simply forgot to ask the court during the sentencing to provide as part of the sentencing package a provision that the defendant forfeit to the United States his interest in certain properties." *Id.* at 815. When the

prosecutor moved some time later to amend the judgment to include a final order of forfeiture, the district court granted the motion and amended the judgment pursuant to Rule 36. The Eleventh Circuit reversed, finding that "the district court misused Rule 36 to modify the defendant's sentence in a substantive way." *Id.* at 816. Thus, *Pease* teaches that an amendment of the sort requested by the Government in this case is impermissible under Rule 36.[1]

Because Rule 36 cannot properly be applied to amend the judgments as to Miller and Young in the manner sought by the Government, the Motion to Correct Judgment (doc. 204) is **denied**.

DONE and ORDERED this 11th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, the unavailability of Rule 36 strips this Court of jurisdiction to grant the Government's motion as to defendant Miller, whose direct appeal of the judgment entered against him remains pending at this time. "It is settled law that the appeal of a judgment in a criminal case deprives the district court of jurisdiction to amend the judgment (except for clerical errors pursuant to Rule 36)." *Pease*, 331 F.3d at 816.